Mr. John E. Tull III, Attorney at Law Quattlebaum, Grooms, Tull Burrow PLLC 111 Center Street, Suite 1850 Little Rock, Arkansas 72201
Dear Mr. Tull:
I am writing in response to your request, made pursuant to A.C.A. §25-19-105(c)(3)(B), for a supplemental opinion on whether a particular document in possession of the City of Fayetteville is open to inspection and copying under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. 25-19-101 to -109, as amended by Act 1653 of 2001. Your client, Matt Wagner, of the Northwest Arkansas Times, has made an FOIA request for certain personnel-related documents from the City of Fayetteville. His request led to the issuance of Op. Att'y Gen.2001-184, in which I noted, among other things, that unsolicited citizen complaint documents, which are "generated by third parties, and not at the behest of, or pursuant to the actions of, someone in a position to evaluate the employee, generally do not constitute job performance or evaluation records."[1]
You indicate that the attorney for the City of Fayetteville had determined that a particular document received from a third party was subject to disclosure under the Arkansas Freedom of Information Act pursuant to Opinion 2001-184. You also note, however, that upon sharing his intention to disclose the record with counsel for the employee in question, an objection was raised because the citizen complaint was initially made orally, and put in writing by the citizen only at the request of the Mayor of Fayetteville. You have attached with your request a letter from the Fayetteville City Attorney. He relates that the employee's attorney argues that because the Mayor instructed the citizen to "put it in writing," the document was created "at the behest of or pursuant to the actions of" the Mayor, and therefore qualifies for the more restrictive test applied to "employee evaluation or job performance records" for purposes of the FOIA. The City Attorney has now determined to withhold disclosure of the document based upon this argument, but invites your client, as the requester of the record, to seek a supplemental Attorney General Opinion on the public nature of the document in question.
RESPONSE
It is my opinion that if the Mayor requested that the unsolicited oral complaint be placed in writing as a routine administrative act, and not as a result of a decision to investigate the particular complaint, the complaint document that is generated cannot be said to have been created as a result of a decision to investigate or evaluate the employee. Such a document, in my opinion, constitutes a personnel record. See Op. Att'y Gen. 2001-123.
I recently addressed a similar issue in Opinion 2001-123. In that opinion, the question was whether unsolicited complaints made by students, which were then put in writing at a university's request, were properly classified as "employee evaluation or job performance records," or merely as "personnel records" in light of the university's actions. I stated:
 . . . [T]he answer will depend upon whether the University requested that the complaints be placed in writing simply as a routine administrative act, or as a result of a decision to conduct an investigation into the alleged conduct of the employee. If the request was made routinely, rather than as a result of a decision to investigate the allegations, it is my opinion that the complaint documents were unsolicited. Under those circumstances, the request that they be placed in writing would not change my analysis.
* * *
 As previously noted, this office has consistently taken the position that records generated by third parties at the behest of an employer as a part of an investigation of an employee's conduct constitute employee evaluation/job performance records. Records created by third parties that were not generated as a part of an investigation do not constitute employee evaluation/job performance records. Thus, even though a record may have been created at the behest of an employer, it will not necessarily constitute an employee evaluation/job performance record if the employer did not request that the record be created as a result of a decision to investigate or evaluate the employee. Moreover, the fact that a document may later be used in the course of an investigation does not transform it from a personnel record into an employee evaluation/job performance record. See Op. Att'y Gen. No. 96-257A.
 I reiterate that the question of whether a document was generated as a result of a decision to investigate is a question of fact. The facts of some circumstances may indicate that an employer who has entertained an oral complaint subsequently decides to investigate the conduct complained of, and as a result of his decision to investigate, asks that the complaint be placed in writing. These facts, in my opinion, constitute a clear circumstance under which the written complaint document should be deemed an employee evaluation/job performance record. See, e.g., Op. Att'y Gen. No. 2000-231. But if the facts indicate that an employer requests that an unsolicited oral complaint be placed in writing as a routine administrative act, and not as a result of a decision to investigate the particular complaint, the complaint document that is generated cannot be said to have been created as a result of a decision to investigate or evaluate the employee. Such a document, in my opinion, constitutes a personnel record. Accord, Ops. Att'y Gen. Nos. 96-342; 96-257; 96-168; 96-033.
Opinion 2001-123 at 4-5.
Although the ultimate determination is one of fact, it appears from the information relayed in the City Attorney's letter that the document in question was created pursuant to a City administrative policy that such complaints be put in writing. The City Attorney notes that: "Since the beginning of this administration, the policy on complaints against city personnel is to request that the complainer put such complaint in writing both to document exactly what the alleged problem is and to promote fairness and objectivity for all concerned." June 20, 2001 letter from City Attorney Kit Williams to Matt Wagner at 1. He also states that "[f]ollowing normal policy, [the] Mayor asked the complainant to `Put it in writing.'" Id. at 2.
If these are indeed the correct facts, it is my opinion, consonant with my conclusions in Opinion 2001-123, that the document in question is a "personnel record," and subject to inspection and copying under the FOIA except to the extent its release would give rise to a "clearly unwarranted invasion of personal privacy." Of course, any information contained in the document that is shielded by virtue of the FOIA, or by other law, should be redacted prior to disclosure.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The complete tests for release of "employee evaluation or job performance records," on the one hand, and "personnel records," on the other hand, are set out in Opinion 2001-184 and will not be restated in full herein. Suffice it to say that because the employee at issue herein resigned her employment and was not suspended or terminated, the document in question is not open to public inspection if properly classified as an "employee evaluation or job performance record." If not properly so classified, the document, or at least portions of it, is subject to public inspection except to the extent its release would constitute a "clearly unwarranted invasion of personal privacy." Id.